IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTHONY HICKS                                                                                       PLAINTIFF

      v.                              Civil No. 5:16-cv-05182

LEANA HOUSETON, Chief
Public Defender for Washington
County, Arkansas                                                                                     DEFENDANT

**OPINION AND ORDER**

      This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Anthony Hicks. Plaintiff proceeds *pro se* and *in forma pauperis.*

      The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

**I.  Background**

      According to the allegations of the complaint (ECF No. 1), Plaintiff filed a police report on March 18, 2014, based on identity theft and financial fraud by Reggie Deron Willis. Willis was arrested and charged in *State v. Willis*, 72-cr-14-2236A.

      Defendant was appointed to represent Willis and during the course of discovery obtained various documents Plaintiff had provided to the police in connection with the case and also documents the prosecutor had subpoenaed. According to Plaintiff, Defendant turned the documents over to Willis without redacting Plaintiff's personal information including his driver's license number, social security number, his new address and telephone number, his date of birth, place of birth, bank account information, and prison records. Plaintiff maintains that Defendant's conduct opened him up to being easily preyed upon again.

Plaintiff maintains the Defendant had an ethical obligation to redact personal and private information. He seeks to hold her liable for legal malpractice and violations of his right to privacy under the 9th and 14th amendments. He also believes Defendant should be reprimanded by the state bar.

## II.  Discussion

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting, Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998).  Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000).  "The requirement that

jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)) (alteration in original)).

"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). In *Polk County v. Dodson*, 454 U.S. 312, 325, (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. In short, the "conduct of counsel generally does not constitute action under color of law." *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). In other words, merely acting as counsel for Willis does not make Defendant a state actor.

However, private parties "who act in concert with state officials may be liable under Section 1983." *Id.* In *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980) the Supreme Court stated:

> To act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions . . . . [H]ere the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge. Under these allegations, the private parties conspiring with the judge were acting under color of state law. .. . Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983.

*Id.*

To the extent the complaint in this case can be read to be asserting a conspiracy claim, the claim fails because Plaintiff has alleged no facts suggesting the existence of a conspiracy. *See e.g, Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988)(conspiracy claim requires allegations of specific facts showing a meeting of the minds among the alleged conspirators). Instead, Plaintiff alleges Defendant committed legal malpractice, violated Plaintiff's rights to privacy under the Ninth and Fourteenth Amendments, and should be reprimanded by the state bar. No conspiracy is alleged to exist.

The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Courts have "recognized a Fourteenth Amendment due process right for individuals to avoid disclosure of personal matters." *Fort Wayne Women's Health v. Board of Com'rs, Allen County, Ind.*, 735 F. Supp. 2d 1046, 1058 (N.D. Ind. 2010).

Here, Plaintiff claims his right to privacy was violated when documents were provided by Defendant to her client without first redacting the personal information. The documents at issue were obtained through discovery and by subpoena for legitimate purposes. *See e.g., Schachter v. Whalen,* 581 F.2d 35, 36-37 (2nd Cir. 1978)(The power to subpoena patient records pursuant to statutory law is not unconstitutional under the First, Fourth, Fifth, Ninth and Fourteenth Amendments). Plaintiff does not allege that the documents were obtained through improper means or were improperly disclosed to those not associated with the criminal case. This right, as well as those discussed above, protects an individual against undue interference by a state actor. A private

citizen does not act under color of state law.

Finally, as noted above, diversity of citizenship can provide a basis for federal court jurisdiction. Diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity of citizenship and the amount in controversy is more than $75,000. *Advance America Servicing of Arkansas v. Mcginnis*, 526 F.3d 1170, 1172 (8th Cir. 2008). In this case, both the Plaintiff and Defendant are citizens of the State of Arkansas. Diversity of citizenship, therefore, does not exist. No other basis for federal jurisdiction exists.

**III.**   **Conclusion**

For the reasons set forth above, IT IS ORDERED that this matter be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e), because Plaintiff's claims are frivolous and/or fail to state claims upon which relief may be granted.

IT IS SO ORDERED this 1st day of November, 2016.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE